IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 JAN 18 A 9:53

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

JEFFERY BAKER JR.,

    Plaintiff,

vs.                                                                   Case No. 2:06CV43-MEF

THE ALABAMA SUPREME AND
COURT OF CRIMINAL APPEALS,
Drayton Nabers, Jr., and
H. W. McMillan, in their official
Capacities,

    Defendants,

RE:   Jeffery Baker Jr., vs.
        State of Alabama CR-04-0068
        Ala. S.Ct. No. 1050463

## COMPLAINT

Comes now the Plaintiff, Jeffery Baker Jr., pro-se unlearned in law subject to error, respectfully, and in good faith, and complaints as follows:

1.    Plaintiff Jeffery Baker Jr., is a resident of the State of Alabama, residing at 1357 County Road 3348 in Brundidge, County of Pike.

2.    The Defendants are governmental entities of the State of Alabama, created pursuant to Amendment No. 328 §6.02 and §6.03 of the Alabama Constitution. The Supreme Court has original jurisdiction to issue such remedial writs or orders as may be necessary to give it general supervision and control of courts of inferior jurisdiction. The

Court of Criminal Appeals has original jurisdiction to issue all writs necessary or appropriate in aid of its appellate jurisdiction and authority to issue writs of injunction and such other remedial and original writs as are necessary to give it a general superintendence and control of jurisdiction inferior to it and in matters over which it has exclusive appellate jurisdiction. Drayton Nabers, Jr., is Chief Justice of the Alabama Supreme Court. H. W. McMillan, is Presiding Judge of the Court of Criminal Appeals. The individual defendants are sued in their official capacities as Chief Justice and Presiding Judge of the governmental entities of the State of Alabama. Prior to the filing of the complaint, both defendants have been properly notified of Plaintiff's prayers for relief as hereinafter more fully set out.

## JURISDICTION AND VENUE

3.     Jurisdiction is invoked pursuant to, and in accordance with the provisions of Title 28 U.S.C, §§ 1331 and 1343, this being an action which seeks redress for the deprivation of rights, privileges and immunities, under color of state law, statue, regulation, custom or usage. Said rights privileges and/or immunities being secured unto plaintiff by First, Sixth, and Fourteenth Amendments to the United States Constitution and enforced under Title 28 U.S.C. §1983. Supplemental jurisdiction is invoked, pursuant to, 28 U.S.C. §1651, 18 U.S.C §242 and Rule 65 of the Federal Rules of Civil Procedure. A right to sue is conferred by 42 U.S.C. §1983, which the U.S. Supreme Court has held to be an express authorization of federal court injunction as an exception to the anti-injunction provisions of 28 U.S.C. §2283.

4.     Venue is proper in this Court pursuant to 28 U.S.C §1391(b).

## NATURE OF THE ACTION

5. This is an action for declaratory judgment, among other things, pursuant to 28 U.S.C. §2201, declaring that the actions of the defendants in denying plaintiff the benefits and equal protection of the laws, Court rules and procedures, and by changing the title of plaintiff's petitions and Motions to circumvent rights constitutes deliberate indifference to his rights, secured and guaranteed by the First, Sixth, and Fourteenth Amendments to the United States Constitution, and enforceable pursuant to Title 28 U.S.C. §1983. This action also seeks Temporary Restraining Order and Preliminary Injunction in accordance with Title 28 U.S.C. §1651 in aid of the Court's jurisdiction(s).

## ALLEGATIONS OF FACT

6. The issues arises in a misdemeanor case appealed from the Circuit Court of Pike County, Alabama, Case No. CC-2003-249 to the Court of Criminal Appeals CR-04-008. Without aid of counsel, Plaintiff was convicted for a violation of Ala. Code §13A-7-23 for damage to the steak during a courthouse party September 6, 2002. Without aid of Counsel, Plaintiff was sentenced to 180 days with 30 to be served in county jail and fines and costs exceeding $1700, and anger management courses.

7. At sentencing, Plaintiff served notice of appeal and moved the circuit court for an appeal bond pending the appeal pursuant to Rule 7.2 (a), (c) (2) which was summarily denied and the Plaintiff immediately taken into custody and served 22 days of the 30-day sentence imposed in various county jails before appeal bond was set in the amount of $2000.

8. Plaintiff immediately moved the Court of Criminal Appeals to stay the sentence pending the appeal pursuant to Rules 8 and 9 (a) ARAP and paid the $100

docket fee to invoke the appeals Court's jurisdiction. On October 15, 2004, however, upon payment of said docket fee, the Clerk returned Plaintiff's docket fee October 19, 2004, asserting, the circuit clerk had issued an amended transmittal of the notice of appeal reflecting appellant was granted leave to proceed as an indigent. Nevertheless, the appeal proceeded without an approved and signed form 15 (affidavit of substantial hardship and order) and authority under Rule 6.3 (b) ARCP and Rule 24 ARAP respectively and an unauthorized attorney was appointed to represent Plaintiff on the appeal.

9. The unduly appointed attorney and plaintiff met, after the completion of the record, and discussed, and agreed on the issues that would be presented in the appeal and agreed that a copy of the brief would be provided for Plaintiff's review prior to the submission. Nevertheless, the unduly appointed attorney submitted his brief without the agreed upon issues and without prior review of Plaintiff.

10. Plaintiff filed objection, disavowing the brief and argument submitted on his behalf supported with affidavit on April 11, 2005. On June 19, 2005 Plaintiff's objection and affidavit in support together with Plaintiff's motion for a duly appointed counsel were denied. Judge McMillan construed said motion as a motion to proceed pro se. On June 21, 2005, Judge McMillan ordered all submission strickened and granted his own motion that plaintiff proceed pro se. On June 28, 2005, Judge, McMillan issued an order reinstating the unduly appointed attorney and reinstated the disavowed brief, after Plaintiff reasserted his Sixth Amendment right to a duly appointed counsel in his first appeal. Said order further stated, "No further pro se filings by appellant will be entertained by the court."

11. On August 26, 2005, the Court of Criminal Appeals affirmed the conviction with one dissent. On or about October 11, 2005, Plaintiff filed application for rehearing, pro se. Plaintiff's pro se issues presented in his motion for new trial were circumvented by unduly appointed attorney above, and pursuant to the Rules and procedures, plaintiff was required expounded on lone issue raised the disavowed brief; "Whether Baker (Plaintiff) knowingly, intelligently, and voluntarily waived his Constitutional right to counsel at trial."

PLEASE NOTE: Plaintiff does not deny the merits of this issue and believe reversal is required, standing alone, however, other issues were presented in the pro se motion for new trial and were agreed upon and equally arguable on the merits, however, circumvented by unduly appointed counsel and are now precluded by Ala. Crim. Proc. Rule 32.2 and 28 U.S.C §2254.

12. The Alabama Rules of Appellate Procedure, Rule 41 (a) states in relevant part, that:

> The timely filing of an application for rehearing will stay the certificate of judgment until disposition of the application unless otherwise ordered by the court. If the application is denied, the certificate of judgment shall issue 18 days after entry of the order denying the application unless the time is shortened or enlarged by order.

13. Pursuant to Rule 41 (b) of the above-cited Rules, the timely filing of a petition for certiorari in the Supreme Court shall stay the issuance of the Certificate of Judgment by the Courts of appeals, which stay shall continue until the final disposition by the Supreme Court, ARAP Rule 41(b).

14. On October 11, 2005, the pro-se Plaintiff file an application for rehearing pursuant to Rule 40 of the Alabama Rules of appellate Procedure and the Court of

Criminal appeals acknowledged the filing, thereby staying the Certificate of Judgment pursuant to Rule 41 (a) above.

15.   On January 6, 2006, Plaintiff received the certificate of judgment of the Court of Criminal Appeals certifying the aforesaid judgment as final. A copy is attached hereto as exhibit #1

16.   According to information received January 6, 2006 (by phone) from the Clerk of Court of Criminal Appeals, Plaintiff's application for rehearing, above, was denied on or about December 16, 2005.

17.   Pursuant to Rule 17 (a) of the Alabama Rules of Appellate Procedure, immediately upon the entry of an order the clerk shall serve a notice of its entry by mail upon each party to the proceeding together with a copy of any opinion respecting the order. . . Service on a party represented by counsel shall be made on counsel.

18.   That prior to the issuance of the Certificate of Judgment, January 4, 2006, Plaintiff had not been served notice of the Court's order denying the rehearing petition under the appellate Rule above. Appointed Counsel is unduly appointed and failed to file the Rehearing petition. Any ruling or order of the court must be directed to the party filing the petition in order to provide due notice under the due process and equal protection clause of the Fourteenth Amendment. Ala. Rules App. Pro. Rule 17 (a).

19.   Plaintiff's lack of such notice of the rehearing denial circumvented Plaintiff's timely application in accordance with Rule 39 (c). Plaintiff is unduly prejudiced thereby through no fault, neglect, or error of his own design. It is the contention of the plaintiff the defendants or agent thereof misappropriated the order and notice to deprive plaintiff of Constitutional Rights.

20.     On January 9, 2006, Plaintiff filed motion that the Court vacate, and set aside the certificate of judgment issued January 4, 2006, with supporting affidavit directed to Judge McMillan, pursuant to Ala. Code §§12-2-2, 12-3-8 and in accordance to Constitutional Amendment 328 §6.03 (d). The Judge summarily denied the said motion and affidavit January 10, 2006. A copy of the said motion and affidavit along with the order of denial is attached hereto as exhibits #2 and #3 respectively.

21.     On January 9, 2006, Plaintiff filed Petition for Extraordinary Writ in accordance with Ala. Code 12-22-8, Rule 21 (c) Ala. Rules of App. Pro. and Rule 65 of the Alabama Rules of Civil Procedure, respectively, supported by affidavit, for a Temporary Restraining Order, and Preliminary injunction, to the Chief Justice, Drayton Nabers, Jr, pursuant to the Ala. Code §12-2-2. The Supreme Court is vested with authority to grant relief pursuant to Constitutional Amendment No. 328 §6.11. A copy of the Petition for Extraordinary Writ and Temporary Restraining Order and affidavit in support is attached hereto as exhibit #4.

21.     On January 12, 2006, Plaintiff received notice that his Petition for Extraordinary Writ and Temporary Restraining Order and Preliminary Injunction duly filed January 9, 2006, had been docketed in the Supreme Court Case No. 1050463, as a PETITION FOR WRIT OF MANDAMUS, CRIMINAL. A copy is attached as exhibit #5.

22.     Plaintiff's petition for Extraordinary Writ and Temporary Restraining Order is made susceptible to denial by the Mandamus classification pursuant Rule 21 (b) Ala. Rules App. Proc. The same said re-classification is through custom and usage to circumvent plaintiffs' entitled Rights. The action constitutes deliberate indifference to

the rights and responsibilities between the parties and the same deprives plaintiff of the right to the redress of grievance as secured by First, and Fourteenth Amendments to the United States Constitution. As a result, there are no viable remedies available in the state Courts by which plaintiff may redress the violations and deprivations of rights, under color state law, and secured unto plaintiff by First, Sixth, and Fourteenth Amendments to the United States Constitution.

23. A pattern of the violations and deprivations emerges through the routine custom and usage of State statutes and regulations, under color of state law, by the named defendants and their officers, agents, and employees. Plaintiff is denied redress of the violations deprivations, under color of state law, statute, regulation, custom and usage secured and guaranteed unto plaintiff by the First Amendment, and Due Process Clause of the Fourteenth Amendment to the United States Constitution.

24. Plaintiff adopts and incorporates herein by reference the following United States Middle District Court Cases, No(s). 2:04cv-1085-T, CV-02-A-1074, and hereby reiterates, a pattern of deprivations, under color of state law exists, which it is alleged are now encouraged, followed and enforced by legislation, and by action of the judicial branch of the State of Alabama, plaintiff is denied, and is being denied, and cannot enforce in the Courts of Alabama his rights under the federal Constitution and statutory sections providing for equal rights of citizens of the United States and of all persons within the jurisdiction of the United States. As a result:

25. In accordance with Ala. Code §12-22-244, Plaintiff is required to surrender his liberty at the Pike County jail within fifteen days of the issuance of the Certificate of Judgment, or on or about January 19, 2006.

26. Pursuant to Rule 41(b) of the Alabama Rules of Appellate Procedure, the timely filing of a petition for certiorari in the Supreme Court shall stay the issuance of the Certificate of judgment by the courts of appeals, which stay shall continue until the final disposition by the Supreme Court. A justiciable controversy exists between the plaintiff and the defendants as to the parties' rights, duties, status, regarding the issuance of the Certificate of Judgment and the timely notice thereof.

27. The Un-refuted proof by affidavit submitted to the defendants by the plaintiff and un-contorverted by the defendants deprives plaintiff access to the courts and the redress of grievance secured and guaranteed unto him by the First and Fourteenth Amendments the United States Constitution. Plaintiff avers a justiciable controversy exists and it is the contention of the plaintiff that the defendants have a duty to resolve the controversy, but have continued to deny or otherwise refuses to correct and/or properly supervise the affairs of the courts.

24. Pursuant to Rule 17 (a) of the Alabama Rules of Appellate Procedure, Plaintiff was not informed by the Clerk of the denial of the Rehearing Petition pursuant to Rule 41. Without the proper notice prior to the issuance of the Certificate of Judgment, Plaintiff is denied due process and equal protection of the laws as promulgated by the Alabama Supreme Court and in accordance with Constitutional Amendment No. 328 §6.11.

PLEASE TAKE NOTICE: Plaintiff previously complained by affidavit to the named defendants on or about September 21, 2005, that court officers, agents, or employees, concealed and/or withheld documents entitled plaintiff in violation of Ala.

Code §§13A-10-12, and 41-13-1, a copy of the complaint and affidavit was forwarded to the defendants for action. A copy of the affidavit is attached herewith as exhibit #6.

25.  By un-contorverted proof, and affidavit herein below, plaintiff shows no order or notice respecting disposition of the rehearing petition has been delivered or deposited in his mailbox by the U.S. Postal Service. Plaintiff further swears under pains and penalties of the Unites States Criminal Code Title 18, that he collects all mail coming into his mail receptacle in great anticipation of the defendants' decision and that all mail coming into the said mail receptacle has been thoroughly reviewed by Plaintiff and none has been overlooked or discarded.

26.  Plaintiff invokes Federal law, Title 18 U.S.C. §§ 242, and §§1701-1703 for any such person found to be in violation of, or who has deserted, obstructed, retarded, or otherwise carried away any letter before it has been delivered to Plaintiff and depriving the Plaintiff under color of state law or otherwise.

27.  By virtue of the forgoing, plaintiff have demonstrated a high likelihood of success on the merits, and that a balancing of the equities favors the issuance of an injunction against defendants.

28.  Unless the defendants are temporarily and preliminarily enjoined from the forgoing conduct, plaintiff will be irreparably harmed by the following:

29.  If the Certificate of judgment is not enjoined and restrained by this Court, Plaintiff will suffer irreparable harm, in that, he will be denied the right of review of the decision of an inferior court to the State's Highest Court.

30.  If the Certificate of judgment is not enjoined and restrained by this Court, Plaintiff will suffer irreparable harm, in that, there are no other remedies available to

redress the violations and deprivations under state law. Rule 32.2 (a) precludes review in state Court and Plaintiff's federal claims are precluded by principles of exhaustion, pursuant to 28 U.S.C. §2254.

31. The irreparable harm now being suffered is Plaintiff is vexed by the state Courts and deprived of fundamental rights and made susceptible to the effects/affects of clear error, mistake, and/or fraud by person or persons other than the Plaintiff in violation of 18 U.S.C. §242.

32. If the Certificate of judgment is not enjoined and restrained by this Court, Plaintiff will suffer grave irreparable harm, in that, in accordance with Ala. Code §12-22-244 plaintiff must surrender his liberty at the Pike County jail within 15 days of the issuance of the certificate of judgment, on or about January 19, 2006.

33. If the certificate of judgment is not enjoined and restrained by this Court, Plaintiff will be denied access to the courts to redress the grievance in violation of the First Amendment, and will be denied due process and equal protection, as a result, the notion of fundamental fairness, and the rule of law will be denied.

32. Notice to the defendants prior to the issuance of the Temporary Restraining Order shall be fulfilled by the Plaintiff by hand mail at defendants business address 300 Dexter Avenue, Montgomery, Alabama the day of the filing in the above-name Court. In addition to the named defendants, a copy of this complaint will be served on the Attorney General of the State of Alabama.

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff, respectfully requests this Honorable Court:

A. Enter Declaratory Judgment that the policies and practices complained of herein are violative of plaintiff's First, Sixth, and Fourteenth Amendment Rights,

B. Declare whether the defendants are required to overcome the un-controverted proof, stating compliance with Rule 17 (a) and person and means through which compliance was accomplished,

C. Declare whether Plaintiff is entitled to Due Notice and/or Order denying the Rehearing Petition;

C. Declare that the Alabama Rules of Appellate Procedure, Rules 2 (b), 26 (b) and Rule 41, as applied, violates Plaintiff's First, Sixth, and Fourteenth Amendments Rights to the United States Constitution;

D. Declare whether Plaintiff is entitled the opportunity to comply with Rule 39 (c) of the Alabama Rules of Appellate Procedure under the circumstances;

E. Temporarily restrain and permanently enjoin the defendants or any Judge thereof from issuance of the Certificate of Judgment in Appeal No. CR-04-0068 prior to the notice requirement of Rule 17 (a) and the opportunity to comply with Rule 39 (c),

F. Temporarily restrain and permanently enjoin the Supreme Court, its Chief Justice, Drayton Nabers, Jr., or any Justice thereof from deliberately mislabeling or changing the title of documents properly filed and properly titled by Plaintiff,

G. Temporarily restrain and permanently enjoin the force and effects/affects of the certificate of judgment issued January 4, 2006, by defendants, otherwise order the defendants to stay, vacate, and set aside the certificate of judgment.

H.     Grant such further and different relief to which Plaintiff may be entitled under the laws and Constitution of the Unites States of America of which maybe unknown to the pro-se unlearned Plaintiff, but favorable to granting of relief sought.

## AFFIDAVIT OF PLAINTIFF

Before me, the undersigned NOTARY personally appeared Jeffery Baker Jr, who after being duly sworn, states the following:

My name is Jeffery Baker Jr, I am over 21 years of age and I have personal knowledge of the information and statements made by me in this affidavit. On December 16, 2005, and a number of years prior to December 16, 2005, I resided at 1353 County Road 3348, better known as "Baker Road" in Brundidge, Alabama. I am personally acquainted with the United States Post Master for the United States Postal Service in Brundidge, Alabama and am personally acquainted with both rural postal carriers for my postal route. I am personally acquainted with all of my neighbors and prior to December 16, 2005, and to this present day, prompt notification and/or delivery of mail incorrectly deposited in their boxes are forthwith delivered to the proper addressee, however, rarely deposited. I receive all my mail, properly addressed or not, and bearing my name at the said address. Prior to December 16, 2005, and up to the present day, I collect all mail delivered to my mail receptacle at 1353 County Road 3348 Brundidge, Alabama 36010.

Under the pains and penalty of perjury proscribed by Alabama and Federal law, I hereby swear, attest, declare, and decree that no order or notice of the denial of the Rehearing petition issued by the Court of Criminal has come into, or been delivered by the United States Postal Service at the my address or has been placed in my mail

13

receptacle. To my personal knowledge, no resident residing on, County Road 3348 (Baker Road) has collected the mail from my mailbox, or has received my mail at their mailboxes on said County Road 3348.

On January 6, 2006, I received the Certificate of Judgment issued on January 4, 2006, by the Court of Criminal Appeals certifying the judgment of the aforesaid Court as final at my mailing address. Prior to the filing of the Rehearing petition and the Court's denial, all mailings from the Court were received the next day of issuance at my address. To my knowledge, no other mail from the court has failed delivery. Upon receiving the Certificate of Judgment, I immediately contacted the Clerk's office to ascertain whether any decision had been reached on the application for Rehearing duly submitted October 11, 2005, pro se.

The Clerk's office informed me the rehearing application was denied December 16, 2005, and the order was forwarded to Mr. Jeffery C. Robinson and me. I contacted the office of Mr. Jeffery C. Robinson and requested a copy of the court's order of denial and Mr. Robinson's secretary stated they had not received any such denial and Mr. Robinson will contact the Court of Criminal Appeals for clarification and then contact me.

I deny I received the Court's order or any such notice that the rehearing application had been denied. I further swear all mail coming into my mailbox has been ritualistically retrieved, personally, in great anticipation of the court's decision and Certiorari review in the Supreme Court of Alabama. I believe the issue(s) presented in the rehearing application are novel and merits addressing by the Supreme Court. The issue(s) so presented have been explicitly decided in the Federal Court of Appeals for the

Eleventh Circuit and will be circumvented if the forgoing actions were to be allowed to fade away.

Done this day, January 17, 2006.

*[signature: Jeffery Baker Jr]*
Jeffery Baker Jr,
1353 County Road 3348
Brundidge, Al 36010
334-735-3548

BEFORE ME, the undersigned NOTARY PUBLIC did personally appeared Jeffery Baker Jr, who states to me he is aware of the contents of the foregoing Petition and affidavit and that he did execute the same voluntarily.

Sworn to and subscribed before me this __17th__ day of January 2006.

*[signature: Nichelle W. Simmons]*
NOTARY PUBLIC

My Commission Expires: Nichelle W. Simmons, Notary Public
Pike County, State of Alabama
My Commission expires on 3-25-06

15

## CERTIFICATE OF SERVICE

I hereby certify that I have this day, January 18, 2006, served two copies of the forgoing Complaint on the following by hand mail, the clerks of the Courts of Criminal Appeals and the Alabama Supreme Court at 300 Dexter Avenue, Montgomery, Alabama to be served on the presiding Judge and the Chief Justice of the supreme Court and a copy on the Alabama Attorney General by U.S. Mail with postage pre-paid and affixed and properly addressed as follows:

Clerk, Alabama Supreme Court
300 Dexter Avenue
Montgomery, Al 36104

Clerk, Court of Criminal Appeals
300 Dexter Avenue
Montgomery, Al 36130

Hon: Troy King Attorney General,
State of Alabama
11 South Union Street
Montgomery, Alabama 36130

_____
Jeffery Baker Jr.,