IN THE SUPREME COURT OF ALABAMA

| | |
|---|---|
| Ex Parte JEFFERY BAKER JR., Petitioner | * * * |
| vs. | * SC. Case No_____ |
| COURT OF CRIMINAL APPEALS., Respondents | * * * * |

FILED
JAN - 9 2006
CLERK
SUPREME COURT OF ALABAMA

RE: Jeffery Baker vs. State of Alabama
Pike County, Case No. CC-2003-249

Court of Criminal Appeals No. CR-04-0068

---

## PETITION FOR EXTRAORDINARY WRIT, ALTERNATIVELY, PETITION FOR TEMPORARY RESTRAINING ORDER AND FOR PRELIMINARY INJUNCTION,

---

SUBMITTED BY:

Jeffery Baker Jr, Petitioner
1353 County Road 3348
Brundidge, Alabama 36010
334-735-3548

**To: Honorable Drayton Nabers, Jr., Chief Justice**

Comes now petitioner Jeffery Baker Jr, pro se, unlearned in law and subject to error, respectfully and in good faith, and petitions this Honorable Court for relieve. Petitioner is entitled to redress by this Honorable Court of the issues presented to the Court of Criminal Appeals in his application for rehearing. Petitioner respectfully petitions this Honorable Court to construe this petition hereinafter set forth so as to effectuate its intended purpose, to stay, vacate, and set aside the certificate of judgment issued on or about December 16, 2005 in the Court of Criminal Appeals. The Court has the jurisdiction and the authority pursuant to the Code of Alabama §§12-2-22, §12-2-7, (3) (4) and subsection (7); Rule 21 (c) of the Alabama Rules of Appellate Procedure, and Rule 65 *Alabama Rules of Civil Procedure*. Petitioner petitions this Honorable Court to issue a Temporary Restraining Order against the Court of Criminal Appeals, restraining and enjoining the issuance of the Certificate of Judgment, and to issue a preliminary injunction against the same said issuance and/or enforcement thereof after a hearing on the merits, as grounds therefore shows unto the Court the following:

## FACTS

1. Petitioner was convicted in the Pike County Circuit Court Case No. CC-2003-249 of a violation of Ala. Code § 13A-7-23, purportedly for damage to steak during a party at the Pike County Courthouse September 6, 2002. Without

aid of counsel, petitioner was sentenced on October 7, 2004, to 180 days with 30 to be served in county jail with fines and costs exceeding $1700 for said damage.

2.  Upon sentencing, without aid counsel, petitioner served notice of appeal and moved the circuit court for an appeal bond pending the appeal pursuant to Rule 7.2 (a), (c) (2) which was promptly denied by the circuit judge and the petitioner taken immediately into custody and served 21 days of the 30-day sentence imposed in various county jails before the court set an appeal bond in the amount of $2000.

3.  Petitioner moved the Court of Criminal Appeals to stay the sentence pending the appeal pursuant to Rules 8 and 9 (a) ARAP and timely paid the $100 docket fee in accordance with a deficient notice issued by the Clerk of the Court of Criminal Appeals. On October 15, 2004, however, upon payment of said docket fee, the Clerk returned petitioner's docket fee October 19, 2004 and the Pike County Clerk and the Clerk of the Court Criminal Appeals allowed this appeal to be docketed without the proper authority or jurisdiction under Rule 6.3 (b) ARCP and Rule 24 ARAP respectively and appointed Mr. Jeffery C. Robinson to represent petitioner in the appeal.

4.  The above unduly appointed attorney and petitioner met, discussed, and agreed on the issues that would be presented in petitioner's behalf and agreed that a copy would be provided for petitioner's review prior to the submission to the Court. Nevertheless, the unduly appointed attorney submitted his brief without

the agreed upon issues and without prior review of petitioner as discussed and agreed.

    5.    After submission by Appellee, petitioner filed an objection disavowing the brief and argument submitted on petitioner's behalf by the unduly appointed counsel, supported by affidavit April 11, 2005. On June 19, 2005 petitioner's objection and affidavit in support together with petitioner's motion for a duly appointed counsel were denied. The Court of appeals construed said motion as a motion to proceed pro se. On June 21, 2005, the appeals Court ordered all submission strickened and granted its own motion for petitioner to proceed pro se. On June 28, 2005, Presiding Judge, H.W. McMillan reinstated the unduly appointed attorney and reinstated the briefs after petitioner again requested his Sixth Amendment right to assistance of duly appointed counsel. Said order above further stated, "No further pro se filings by appellant will be entertained by the court." The order above further indicated that the objection in the companion case, "Objection to the Denial of Appellant's motion to Supplement and/or Amend the Record on Appeal" is hereby returned to the appellant as he is represented by counsel, (See Court of Criminal Appeals Case No. CR-04-1080, Supreme Court Case No. 1050121).

    6.    On August 26, 2005, the Court affirmed the conviction with one dissent. After ascertaining the unduly appointed counsel did not intend to pursue Rehearing under Rule 40 (a), (c), and (d) (1) ARAP, petitioner requested the appeals court for the record and submissions and submitted the application for

4

rehearing, pro se. Petitioner's pro se issues presented in his motion for new trial, abated, petitioner was required to expounded on lone issue raised on appeal; "Whether Baker (petitioner) knowingly, intelligently, and voluntarily waived his Constitutional right to counsel at trial." Note: Petitioner does not deny the merits of the issue, however, other issues are presented in the pro se motion for new trial that were arguable on the merits and are precluded from appellate review by Rule 32.2 ARAP and 28 U.S.C §2254.

## THE ISSUE

7.  **WHETHER PETITIONER IS ENTITLED NOTICE AND OPPORTUNITY TO RESPOND TO A DEINAL OF REHEARING PETITION**:

On January 4, 2006, the Court issued the Certificate of Judgment, certifying that the judgment is final. Petitioner received the said Judgment January 6, 2006. Pursuant to the Code of Alabama §12-22-224 and the terms and conditions of the appeal bond approved October 27, 2004, petitioner shall surrender himself to the sheriff of the county, at the county jail within fifteen days from the issuance of the certificate of judgment affirming the appeal.

8.  Prior the issuance of the above Certificate of Judgment making the judgment final, Petitioner had not received notice, written or otherwise that the application for rehearing had been denied December 16, 2004, by the Court of Criminal Appeals. Petitioner herein below, swears, under pains and penalty of perjury that he has not received due notice of any such order denying the rehearing

application whereby petitioner shall have duly sought review of the such decision in the Supreme Court of Alabama pursuant to Rule 39 (c) (2) ARAP.

9. Pursuant to Rule 17 (a) ARAP, immediately upon the entry of an order the clerk shall serve a notice of its entry by mail upon each party to the proceeding together with a copy of any opinion respecting the order . . . service on a party represented by counsel shall be made on counsel. Pursuant to Rule 41 (b) the timely filing of a petition for certiorari in the Supreme Court stay the issuance of the Certificate of judgment by the courts of appeals. Without notice that the rehearing application had been denied, petitioner could not have reasonably sought certiorari review in accordance with Rule 39 ARAP without due notice of the Court's decision.

PLEASE TAKE NOTICE: It is not suggested that the clerk's office misappropriated the Court's order or the provisions of Rule 17, it is the contention of the petitioner through error, mistake, or neglect, of the U.S. postal service and/or the Clerk's office that the Court's order denying the rehearing petition failed delivery at mailbox 1353 County Road 3348. It is noted, however, petitioner previously complained on or about September 21, 2005, in this appeal, CR-04-0068, that pursuant to Ala. Code §§13A-10-12, 41-13-1, that court officials concealed and/or withheld documents, and a copy of the complaint and affidavit was forwarded to Presiding Judge McMillan and Chef Justice Nabers. A computer-generated copy of the affidavit is attached herewith as exhibit 1.

9. The issue sought to be reviewed in the Supreme Court represent a material question requiring decision was one of first impression in the appellate court and was incorrectly decided. The decision of the appellate court is in conflict with case law and the Alabama and Federal Constitutions. Petitioner is entitled by statute and the Alabama and Federal Constitutions to the appeal of incorrect decisions of the Appellate Court.

10. If Respondents are not enjoin from the issuance of the certificate of judgment, petitioner will be denied his state law rights to due process and equal protection of the laws and notice and opportunity to respond.

11. If enforcement of the certificate of judgment is not restrained and enjoined by this Court, petitioner will suffer irreparable harm, in that, pursuant to Ala. Code §12-22-224 and by the terms and conditions of the appeal bond, petitioner is required to surrender his liberty within fifteen days of the issuance of the Certificate of Judgment, on or about January 19, 2006.

12. If the Certificate of judgment is not enjoined and restrained by this Court, petitioner will suffer irreparable harm, in that, he will be denied the right of appeal to the State's highest court.

13. If the Certificate of judgment is not enjoined and restrained by this Court, petitioner will suffer irreparable harm, in that, there is no other remedy available to redress the violations and deprivations under state law. Additionally, Rule 32 precludes a Rule 32 petition, Rule 32.2 (a). Petitioner's federal claim is precluded by principles of exhaustion, 28 U.S.C. 2254.

7

14. The irreparable harm now being suffered is petitioner is vexed and made susceptible to the dictates of the law by and through no fault, neglect, error, or mistake of his own design. The petitioner will suffer grave and irreparable harm and the prospect of loss of liberty if the certificate of judgment is not enjoined, restrained, and vacated and set aside. Petitioner will be denied due notice and opportunity to defend his Constitutional and State law Rights to the Supreme Court of Alabama, as a result, the notion of fundamental fairness and justice will be denied.

15. Notice to the Respondents prior to the issuance of a Temporary Restraining Order should not be required because Petitioner filed contemporaneously motion to vacate and/or to set aside the Certificate of Judgment on Respondents assigning error with supporting affidavit, and because respondents have jurisdiction to grant the relief requested upon the proper notification of petitioner and as a matter of fundamental fairness, right, and law.

WHEREFORE, THE PREMISES CONSIDERED, the petitioner, respectfully requests this Honorable Court enter an Order vacating and setting aside the Certificate of Judgment and restrain and enjoin the Respondents as following:

1. From the issuance or enforcement of the Certificate of Judgment, otherwise, to stay the execution of the Certificate of judgment until such time as petitioner has been served notice of the denial on the Petition for Rehearing and

given the opportunity to seek review in the Supreme Court under Rules 39 (c), and Rule 41 (b) of the appellate Rules (ARAP).

2. To vacate and set aside the Certificate of Judgment issued January 4, 2006.

3. That petitioner be provided a copy of the Court's denial of the Rehearing petition and afforded due process and equal protection.

4. That petitioner be given due notice and ample opportunity to comply with Rule 39 (c) of the Alabama Rules of Appellate Procedure.

5. For such other, different, and further relief as the Court may deem mete and proper under the circumstances.

## AFFIDAVIT IN SUPPORT

Before me, the undersigned NOTARY personally appeared Jeffery Baker Jr, who after being duly sworn, states the following:

My name is Jeffery Baker Jr, I am over 21 years of age and I have personal knowledge of the statements contained in this affidavit. On December 16, 2005, and a number of years prior to December 16, 2005, I resided at 1353 County Road 3348, better known as "Baker Road" in Brundidge, Alabama. I am personally acquainted with the United States Post Master for the United States Postal Service in Brundidge, Alabama and am personally acquainted with both rural postal carriers for my postal route. I receive all my mail, properly addressed or not, and bearing my name at the said address. Prior to December 16, 2005, and up to the present day, I collect all mail delivered to said mailbox, 1353 County Road 3348

Brundidge, Alabama 36010. Under the pains and penalty of perjury proscribed by Alabama and Federal law, I hereby swear, attest, declare, and decree that no order or notice of the denial of the Rehearing petition issued by the Court of Criminal has come into, or been delivered by the United States Postal Service at the address listed above. To affiant's personal knowledge, no other person, other than the affiant has collected the mail from affiant's mailbox at 1353 County Road 3348.

On January 6, 2006, I received the Certificate of Judgment issued on January 4, 2006, by the Court of Criminal Appeals certifying the judgment of the aforesaid Court as final at the said mailbox with the proper address above. Upon receiving the Certificate of Judgment, I immediately contacted the Clerk's office to ascertain whether any decision had been reached on the application for Rehearing duly submitted October 11, 2005, pro se. The Clerk's office informed affiant that the rehearing application was denied December 16, 2005 and notice was forwarded to the affiant and Mr. Jeffery C. Robinson. Thereafter, I contacted the office of Mr. Jeffery C. Robinson, and requested a copy of the court's order of denial of the rehearing petition. Mr. Robinson's secretary stated, "they had not received any such denial of the court" and stated Mr. Robinson will contact the Court of Criminal Appeals for clarification and then contact the undersigned affiant.

Affiant denies that he received the Court's order or any such notice that the rehearing application had been denied. Affiant further swear all mail coming into the mailbox at 1353 County Road 3348 has been ritualistically retrieved by affiant

personally in great anticipation of the court's decision and Certiorari review in the Supreme Court of Alabama. Affiant believes the issue(s) presented in the rehearing application are novel and needs addressing by the Supreme Court. Affiant's issue(s) will go unresolved if due consideration is not given by the Courts, and affiant will be denied of proper notice and due process and equal protection of laws if the issues and actions are left unchallenged.

Done this day, January 9, 2006.

Jeffery Baker Jr,
1353 County Road 3348
Brundidge, Al 36010

BEFORE ME, the undersigned NOTARY PUBLIC did personally appeared Jeffery Baker Jr, who states to me he is aware of the contents of the foregoing Petition and affidavit and that he did execute the same voluntarily.

Sworn to and subscribed before me this  9th  day of January 2006.

Wilma Price
NOTARY PUBLIC

Wilma Price, Notary Public
Pike County, State of Alabama

My Commission Expires:   My Comission expires on 3-28-06

11

## CERTIFICATE OF SERVICE

I hereby certify that I have, this date, January 9, 2006 served the forgoing petition and affidavit in support upon the following by placing same in the United States Mail, postage prepaid, and properly addressed as follows:

Court of Criminal Appeals
300 Dexter Avenue
Montgomery, Alabama 36130

Mr. Cecil G. Brendle, Jr.,
Assistance Attorney General
11 South Union Street
Montgomery, Alabama 36130

*Jeffery Baker Jr.*, Petitioner