Exhibit 2

CR-04-0068

STATE OF ALABAMA
COUNTY OF PIKE

## COMPLAINT AND AFFIDAVIT OF JEFFERY BAKER JR.,

COMES NOW the Appellant in the above appeal, Jeffery Baker Jr, and, after being duly sworn, deposes, and says:

I am the appellant, Jeffery Baker Jr, in appeal CR-004-0068, docketed in the Court of Criminal Appeals of Alabama and now pending. I am above the age of 21 and I have personal knowledge of the information contained in this affidavit. I make this affidavit for the purpose of documenting the illegal actions of court officials in the Court of Criminal Appeals of Alabama on or about May 18, 2005.

On or about May 18, 2005, affiant personally appeared at the Office of the Clerk for the Court of Criminal Appeals of Alabama for the purpose of reviewing the briefs and arguments of the appellee and appointed appellant counsel in his appeal, CR-04-0068. Upon signaling his presence, an un-known Clerk, (older lady) acknowledged affiant's and affiant requested to review and possibly copy of the briefs filed in the appeal. The unknown clerk responded, that, "Appellant cannot review the briefs of counsels in an appeal pending before the court." Affiant asked why not, the clerk stated, affiant has an attorney and that an appellant must go through his attorney. Affiant explained that he is the appellant in the appeal and that state law authorizes any citizen the right to review any record in the clerk's office, authorized by law. Appellant requested to speak with the Clerk of the Court, Mr. Lane W. Mann, and after a great while lapsed, Mrs. Sonja McKnight, appeared in a hostile non-professional demeanor. As Ms. McKnight approached the security window, Affiant glanced what appeared to be a person seemingly veiling himself behind the partitions in the clerk's office. Mrs. McKnight approached affiant argumentatively and confrontational while falsely asserting the policies and/or regulations supposedly promulgated by Court of Criminal Appeals, which affiant clearly

knew were untruths, "That the briefs requested were not public records, "that an appellant is not permitted to review the briefs in an appeal when represented by counsel" "that the briefs had been submitted to the Judge assigned the appeal and could not be retrieved." Appellant requested a copy of these promulgated policies and/or regulations, which she (Mrs. McKnight) promptly denied. As Ms. McKnight continued to impair affiant's ability to review the briefs, (public records), the affiant clearly observed that the veiled person was in fact a Court Marshal (security) using the partitions as cover while positioning himself closer to the security window. Appellant withdrew from the security window in fear and great apprehension of imminent harmful and/or offensive contact and demanded to speak with Presiding Judge, McMillan, and Marshal, Mr. Willie James. Having been similarly approached and denied in like manner by other court officials, it was clear and unmistakable; Mrs. McKnight's and the Court Marshal were attempting to illicit a reaction that would provide a cause of affiant's swift termination. Affiant cited the Alabama Code sections §13A-10-12, as a basis for criminal charges and the Alabama Code § 41-13-1 which defines what constitute a public records and disclosed the clear violation of State law. The Marshal unveiled himself (stood upright) from behind the partitions and exited the clerk's office and Mrs. McKnight partially returned to a state of civility. The affiant is subjected to the dispossession of fundamental constitutional and state law rights by court officials charged with the administration of impartial justice.

    The unsuspecting Affiant is made to suffered great mental anguish as a result of a trap set in motion by the court officials and under the color of authority. Additionally, the affiant continues to suffer great apprehension(s) of the court's usurpation(s) and deprivations. Affiant is made to fear for his safety and fundamental right to appear in the halls of justice of Alabama. Affiant believes the conduct is well considered and that no viable remedy exists so long as the vestige remain unabated and carefully nourished by certain court officials. Affiant states the actions complained of above represents a continuing pattern of intimidations, fraud, and widespread usurpation that deprives certain citizens of fundamental due process and equal protection rights, previously complained of.

    I make this complaint and affidavit to further document widespread and continuing abuses of the most fundamental kind in the Court system of Alabama. This

statement is made free of compulsion and/or promise of reward and is a true and correct statement of events occurring on or about May 18, 2005 within the halls of the Judicial Department of Alabama at 300 Dexter Avenue.

*Jeffery Baker Jr.*

BEFORE ME, the undersigned NOTARY PUBLIC did personally appear Jeffery Baker Jr, who states to me he is aware of the contents of the foregoing Affidavit and Complaint and that he did execute the same voluntarily.

Sworn to and subscribed before me on this the ___21st___ day of September 2005.

*Wilma Price*
NOTARY PUBLIC

My Commission Expires:    Wilma Price, Notary Public
Pike County, State of Alabama

COPIES FURNISHED TO:
Chief Justice, Drayton Nabers, Jr
H.W. McMillan, Presiding Judge
Attorney General, State of Alabama

3