IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEFFERY BAKER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06CV43-WHA |
| | ) |
| THE ALABAMA SUPREME AND | ) |
| COURT OF CRIMINAL APPEALS, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is pending on the plaintiff's civil complaint, filed on 18 January 2006, against the following defendants: (1) The Alabama Supreme Court, (2) The Alabama Court of Criminal Appeals, (3) Chief Justice Drayton Nabers of the Alabama Supreme Court, and (4) Chief Judge H. W. McMillan of the Alabama Court of Criminal Appeals (Doc. # 1). He invokes this court's original jurisdiction pursuant to 42 U.S.C. § 1983 and its supplemental jurisdiction pursuant to "28 U.S.C. § 1651 [sic]".[1]

Upon reviewing the complaint, the Magistrate Judge concludes that the plaintiff's claims presented in this case lack an arguable basis and are therefore due to be dismissed

---

[1] The plaintiff cites to the ***federal*** provisions governing writs, when in fact the only writ in question in this lawsuit is a state writ, i.e., a petition before the Alabama Supreme Court. The court understands that, because the plaintiff alleges violations of state law as well as federal law, it is his intent to involve 28 U.S.C. § 1367, which governs supplemental jurisdiction in this court. Notwithstanding the plaintiff's actual allegation, courts should construe pro se filings liberally. ***Mederos v. United States***, 218 F.3d 1252, 1254 (11th Cir. 2000). A pro se complaint is governed by "less stringent standards than formal pleadings drafted by lawyers". ***Haines v. Kerner***, 404 U.S. 519 (1972); ***Hogan v. Midland County Commissioners Court***, 680 F.2d 1101, 1103 (5th Cir. 1982).

before service upon application of 28 U.S.C. §1915(e).  *Neitzke v. Williams*, 490 U.S. 319 (1989).

## II. DISCUSSION

A.      Standard for Determining Frivolousness

Under the provisions of 28 U.S.C. §1915 (e)(2)(B)(i), an action filed in forma pauperis may be dismissed if it is frivolous or malicious.  A claim is frivolous when it lacks an arguable basis either in law or fact.  ***See Neitzke v. Williams***, 490 U.S. 319, 325 (1989).  The instant complaint is clearly frivolous and lacks an arguable basis in law because none of the defendants is suable on the grounds asserted by the plaintiff.

## II. FACTS

The allegation made by the plaintiff, Jeffery Baker [Baker"], that the defendant courts are "governmental entities of the State of Alabama" is correct.  He acknowledges, however, that the issues in this case arise "in a misdemeanor case appealed from the Circuit Court of Pike County, Alabama" and from his conviction of a state criminal offense.  He appealed his sentence to the Court of Criminal Appeals, and the court affirmed the conviction on 26 August 2005.

Baker filed his application for rehearing on 11 October 2005, and the application was denied on 16 December 2005.  On 4 January 2006, the Court of Criminal Appeals issued a

certificate of judgment, certifying the judgment affirming the conviction as final.[2] Baker alleges that he learned for the first time on that date that his application for rehearing had been denied in December. He challenges in this action the court's failure to notify him promptly in December of its decision, and alleges that the court's failure to notify him "circumvented [his] timely application" to the Supreme Court.

Accordingly, on 9 January, Baker filed a petition for extraordinary writ to Chief Justice Nabers; it was docketed on 12 January 2006. He requested a Temporary Restraining Order and Preliminary Injunction to enjoin the Court of Criminal Appeals from treating the judgment as final. He alleges that the two Courts and the two judges have violated his rights guaranteed by the First, Sixth, and Fourteenth Amendments to the federal constitution. When he filed this lawsuit, Baker was set to surrender to the Pike County jail on 19 January 2006. His petition is still pending in the Alabama Supreme Court.

### III.   DISCUSSION

*A.   The Supreme Court and the Court of Criminal Appeals*

Baker contends that his constitutional rights were    - and continue to be -   violated during state court criminal proceedings. However, his claims against the state's appellate courts lack merit. A state court is not a "person" within the meaning of 42 U.S.C. § 1983. ***Moity v. Louisiana State Bar Association***, 414 F.Supp. 180, 182 (E.D. La. 1976), ***aff'd***, 537

---

[2] Baker    received    the    notice    on    6    January    2006

F.2d 1141 (5th Cir. 1976).³ The court therefore concludes that dismissal of the plaintiff's claims against the Alabama Supreme Court and its Court of Criminal Appeals pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) is appropriate.

B.     *Chief Justice Nabers and Judge McMillan*

The law is well-settled that state judges are absolutely immune from damages liability when sued under 42 U.S.C. §1983 for actions taken in the course of their judicial duties. *Forrester v. White*, 484 U.S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978); . Thus, Baker's claims for damages against Chief Justice Nabers and Judge McMillan are "based on an indisputably meritless legal theory" and are therefore subject to dismissal under the provisions of 28 U.S.C. §1915(d). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Baker also seeks a declaratory judgment, and to that extent, this court lacks jurisdiction to render such judgment. A federal court has no jurisdiction or right to grant relief under 42 U.S.C. §1983 with respect to challenges to state court decisions in particular cases arising out of state judicial proceedings even if those challenges allege that the state court's action is unconstitutional. *Berman v. Florica Board of Bar Examiners*, 794 F.2d 1529 (11th Cir. 1986).

---

³In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

4

An action filed pursuant to 42 U.S.C. §1983 may not be used as a substitute to appeal a state court decision. ***Rolleston v. Eldridge,*** 848 F,2d 163 (11th Cir. 1988). In light of the foregoing, dismissal of the plaintiff's claims against both judges is appropriate under 28 U.S.C. §1915(e). ***See Clark v. State of Georgia Pardons and Paroles Board***, 915 F.2d 636 (11th Cir. 1990).

C.  *Abstention*

Moreover, resolution of the criminal charges about which Baker complains are technically pending before an Alabama state court. Under the decision of the United States Supreme Court in ***Younger v. Harris***, 401 U.S. 37,43-44 (1971), a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43.

In this case, Baker has an adequate remedy at law because he may pursue any of his federal constitutional issues through the state court system. ***See generally Doby v. Strength***, 758 F.2d 1405 (11th Cir. 1985). Specifically, he can still vindicate his constitutional rights in the on-going state criminal proceedings before the Alabama Supreme Court, or he can file a collateral attack against the court's action.

The mere fact that Baker must endure state criminal proceedings fails to demonstrate irreparable harm. ***Younger***, 401 U.S. at 45. This court must therefore abstain from

considering the merits of plaintiff's challenges to his lack of notice regarding the finality of the Court of Criminal Appeals' judgment. In light of the foregoing, dismissal of the plaintiff's constitutional and state law claims is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii) as these claims are not cognizable in a 42 U.S.C. § 1983 action at this time.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this cause be dismissed as frivolous within the meaning of 28 U.S.C. §1915(e), and that each of Baker's claims against the two Alabama Courts and the Alabama judges be DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before 8 February 2006. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. ***Nettles v. Wainwright***, 677 F.2d 404 (5th Cir. 1982). *See* ***Stein v. Reynolds Securities, Inc.***, 667 F.2d 33 (11th Cir. 1982). *See also* ***Bonner v. City of***

*Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

    DONE this 25th day of January, 2006.


                                     /s/ Vanzetta Penn McPherson
                                     VANZETTA PENN MCPHERSON
                                     UNITED STATES MAGISTRATE JUDGE