IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JEFFERY BAKER JR, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Case No. 2:06CV43-WHA |
| | * | |
| THE ALABAMA SUPREME AND | * | |
| COURT OF CRIMINAL APPEALS, | * | |
| Drayton Nabers, Jr., and | * | |
| H. W. McMillan, in their official | * | |
| Capacities, | * | |
| | * | |
| Defendants, | * | |
| | * | |

**PLAINTIFF'S OBJECTION TO THE
RECOMMENDATION OF THE MAGISTRATE JUDGE**

Comes now the plaintiff, Jeffery Baker Jr, pro se, unlearned in law; subject to error, respectfully, and in good faith, and respectfully objects to the Recommendation of the Magistrate Judge issued January 25, 2006, and in support thereof, shows cause as follows:

1. On January 18, 2006, plaintiff filed Complaint, seeking a Declaratory Judgment and a Temporary Restraining Order in the above-named Court.

2. On January 20, 2006, the District Judge assigned the case, promptly considered the matters and granted the plaintiff's motion to proceed in forma pauperis and denied plaintiff's motion for Temporary Restraining Order, after "construing the request in the Complaint to be such a motion."

3. On January 23, 2006, the District Judge referred the plaintiff's Complaint to Magistrate Judge, Vanzetta Penn McPherson, for action or recommendation(s) on all pretrial matters.

4. On January 25, 2006, the Magistrate Judge issued the Recommendation that plaintiff's Complaint be dismissed as frivolous within the meaning of 28 U.S.C. §1915 (e), and that each of plaintiff's claims against two Alabama Courts and the Alabama Judges be <u>DISMISSED WITH PREJUDICE</u>.

5. The Recommendation asserts, "under the provisions of 28 U.S.C. 1915(e) (2) (B) (i), an action filed in forma pauperis may be dismissed if it is frivolous or malicious. A claim is frivolous when it lacks an arguable basis either in law or fact, See **Neitzke v. Williams,** 490 U.S. 319 (1989), she says, the instant complaint is clearly frivolous and lacks an arguable basis in law because "none of the defendants is suable on the grounds asserted by the plaintiff."

6. The Recommendation concludes, the claims against the Alabama Supreme Court and Alabama Court of Criminal Appeals lack merit, because, as she says, "A state court is not a person within the meaning of 42 U.S.C. 1983."

Likewise, "State judges are absolutely immune from damages liability when sued under 42 U.S.C. 1983."

Additionally, to the extent the complaint seeks a declaratory judgment, "a federal court has no jurisdiction or right to grant relief under 42 U.S.C §1983 with respect to challenges to state court decisions in particular cases arising out of state judicial proceedings even if those challenges allege that the state court's action is unconstitutional.

2

Lastly, the Recommendation concludes, "the resolution of the criminal charges about which Baker complaints are "technically" pending before an Alabama State Court, the Magistrate reasoned, that a federal court must refrain from interfering with pending state criminal proceedings when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief. In light of **Younger v. Harris**, 401 U.S. 37, 43-44 (1971), She recommends that the dismissal of the plaintiff's constitutional and state law claims is appropriate under 28 U.S.C. §1915 (e) (2) (B) (ii) as these claims are not cognizable in a 42 U.S.C §1983.

Accordingly, the Magistrate Recommends that the cause be dismissed as frivolous within the meaning of 28 U.S.C. §1915 (e), and that each of Plaintiff's claims against the two Alabama Courts, and the Alabama Judges be <u>DISMISSED WITH PREJUDICE</u>.

## **PLAINTIFF'S OBJECTIONS**

7.   As a preliminary matter, plaintiff objects to the Magistrate's rendition of the statement of facts contained in part II of the recommendation, that "his petition is still pending in the Alabama Supreme Court." Despite this assertion, plaintiff shows the complaint seeks a declaratory judgment declaring whether the plaintiff has a Rights to petition the Alabama Supreme Court for redress of grievance in accordance to the classification, title, and style of his petition. Otherwise, declare whether plaintiff is entitled to the redress of his grievance pursuant to the First Amendment.

Plaintiff shows Part II of the Magistrate's discussion correctly sets forth the standard for determining frivolousness, nevertheless, the Magistrate only applies that standard, 28 U.S.C. §1915 (e) (2) (B) (i) to part III (A) of her recommendation in regards to *"The Supreme Court and the Court of Criminal Appeal"*, she asserts, plaintiff

3

contends his constitutional rights were violated during state court criminal proceedings, and that these claims against the state's appellate courts lack merit. Because a state court is not a "person" within the meaning of 42 U.S.C. §1983. The Magistrate's Recommendation concludes, dismissal of the plaintiff's claims against the Alabama Supreme Court and its Court of Criminal Appeals pursuant to the provisions of 28 U.S.C. §1915 (e) (2)(B) (i) is appropriate.

Plaintiff respectfully objects to this assertion and shows the complaint seeks purely declaratory judgment in accordance with Rule 57, and Title 28 U.S.C §2201. Since this Honorable Court has correctly discerned and denied the Temporary Restraining Order also contained in the Complaint, plaintiff will only address the Magistrate's Recommendation, suffice it to say, this Honorable Court's denial does not allege the complaint is premised on 42 U.S.C §1983 grounds.

Further, 28 U.S.C. §2201 provides in pertinent part, (. . .) "Any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect or a final judgment or decree and shall be reviewable as such." If the Honorable Court considers the complaint, the contents thereof, and the relief sought therein, consistently in accordance with Rule 57 of the Fed. Rules Civ. Proc, and Title 28 U.S.C. §2201; the named Courts are not immunized by the Magistrate's Recommendation for suit brought in accordance to 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure.

    8.    Part III (B) *Chief Justice Nabers and Judge McMillan* of the recommendation incorrectly assert, "Chief Justice Nabers and Judge McMillan are

absolutely immune from damages liability when sued under 42 U.S.C. § 1983 for actions taken in the course of their judicial duties." Thus, Baker's (plaintiff's) Claims for damages against Chief Justice Nabers and Judge McMillan are "based on an indisputably meritless legal theory" and are therefore subject to dismissal under the provisions of 28 U.S.C. §1915 (d). Title 28 U.S.C. §1915 (d) provide the officers of the court shall issue and serve all process, and perform all duties in such case (. . .) And the same remedies shall be available as are provided for by law in other cases.

The Recommendation of the Magistrate Judge incorrectly construes the plaintiff's complaint as a 42 U.S.C §1983 action; however, Plaintiff's complaint does relief on 42 U.S.C. §1983 grounds. The Recommendation is incorrectly premised on 42 U.S.C, §1983 grounds. Technically, the complaint never asserted 42 U.S.C. §1983. The jurisdiction and venue section of the complaint fails to show plaintiff technically or properly invoked 42 U.S.C §1983 as the basis for the court's jurisdiction (complaint pg. 2).

Furthermore, even assuming arguendo, that the Recommendation correctly construed the Complaint on a 42 U.S.C §1983 ground, with regards to the above named individuals, Plaintiff's Complaint clearly, allege fact, which if true, according to Rule 8 (e) (1),(2) Fed. Rule Civ. Proc. which provides:

> "A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them is made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds."

At the very least, the complaint sounds in Declaratory Judgment and seeks Declaratory Relief; and allege a live controversy between the parties; and it shows

plaintiff will and has suffered irreparable injury; accordingly, Rule 8 is satisfied. Rule 57 of the Federal Rules of Civil Procedure attest that the procedure for obtaining declaratory Judgment pursuant to Title 28 U.S.C. 2201, Shall be in accordance with the Federal Civil Rules. If the above-cited Court Rules apply, the only question is, whether the complaint is based on an indisputably meritless legal theory, pursuant to Rule 57 Fed. Rules. Civ. Proc, and Title 28 U.S.C. §2201. First, the complaint sues these named individuals in an official capacity; it alleges a live controversy between the parties. Second, it specifically states in the NATURE OF THE ACTION section (Comp. pg. 3) "This is an action for declaratory judgment pursuant to 28 U.S.C. §2201." Next, the relief seeks purely declaratory relief. Lastly, it requests the court to grant such further and different relief to which plaintiff maybe entitled.

Moreover, the Magistrate says, "the Complaint cites the Federal provisions governing writs, (section 1651) when in fact the only writ in question in this lawsuit is a state writ, i.e., a petition before the Alabama Supreme Court" (Fn. 1). The Magistrate reasoned, "Because the plaintiff alleges violations of state law as well as federal law, it is his intent to involve 28 U.S.C §1367, which governs supplemental jurisdiction in this court. Plaintiff denies it is or ever was his intent to invoke 28 U.S.C §1367 as the basis for additional federal jurisdiction (Supplemental Jurisdiction) and cites 28 U.S.C §1651 to aid the court in its jurisdiction in reaching Plaintiff's prayer for a Temporary Restraining Order and Preliminary Injunction, (see also Writ of Error Coram Vobis). Furthermore, Plaintiff's prayer for relief requests, the court grant such further and different relief to which plaintiff may be entitled under the laws and Constitution of the United States which maybe unknown to the pro se unlearned plaintiff but favorable to

granting of relief sought. This Honorable Court may issue all wirts necessary or appropriate in aid of its respective jurisdiction when agreeable to the usages and principles of law, 28 U.S.C. §1651.

Clearly, the nature of the action seeks to invoke 28 U.S.C, §2201 and does clearly set forth 28 U.S.C §2201, requesting among other things, that the court declare the rights among the parties (Com. Pg 3). The Complaint sues the individuals in their official capacity of which is appropriate in actions brought pursuant to 28 U.S.C §2201. Because the Alabama Supreme Court, The Alabama Court of Criminal Appeals, Chief Justice Drayton Dabers, and Chief Judge, H. W. McMillan are not immunized from suit brought under 28 U.S.C. §2201, the Recommendation must fail as a matter of fundamental fairness and manifest injustice and the Recommendation should not be allowed to change/construe or otherwise defeat the plaintiff's complaint under 42 U.S.C. §1983, to abate the issues.

Moreover, 28 U.S.C. §1915 (d) requires the officers of the court to issue all process, and perform all duties in such cases, without regard. Certainly, the plaintiff's allegations are un-refuted by the defendants, and supported by plaintiff's affidavit. If the United District Judge correctly construes the complaint as one that seeks to have the rights of the parties declared, the defendants are required to assert an affirmative defense(s) to the "purely declaratory nature" of the plaintiff's complaint. Even the most cursory of reading reveals the complaint sounds in 28 U.S.C. 2201, and the relief sought sounds in 28 U.S.C. §2201. Moreover, the court may grant such further and different relief as the plaintiff requested and entitled to under the laws and Constitution of the United States. Additionally, according to **Mederos v. United States**, 218 F. 3d 1252,

1254 (11th Cir. 2000), A pro se complaint is governed by "less stringent standards than formal pleadings drafted by lawyers". *Haines v. Kerner*, 404 U.S. 519 (1972); *Hogan v. Midland County Commissioners Court*, 680 F. 2d 1101, 1103 (5th Cir. 1982).

Because neither defendant is immunized in actions brought in accordance with 28 U.S.C §2201, the officers of the court shall issue and serve all process, and perform all duties in the case, as in other cases, and the same remedies shall be available as are provided for by law in other cases, without regard. Therefore, the defendants must set forth any objections or defenses they may have within 20 days of service of the summons and complaint as provided for in 28 U.S.C. §1915 (d), without regard as a matter of right and law.

9.  Next, the Magistrate's Recommendation integrates plaintiff's factual complaint for declaratory judgment into Part III (B). The Recommendation, here, correctly shows Baker (plaintiff) "seeks a declaratory judgment," nevertheless incorrectly reasoned, it seeks relief under 42 U.S.C §1983, she says, "A federal court has no jurisdiction or right to grant relief under 42 U.S.C. §1983 with respect to challenges to state court decisions in particular cases arising out of state judicial proceedings even if those challenges allege that the state court's action is unconstitutional." The Recommendation further states, "An action filed pursuant to 42 U.S.C. §1983 may not be used as a substitute to appeal a state court decision. The Magistrate Judge concludes, for the foregoing reasons, dismissal of the plaintiff's claims against both judges is appropriate under 28 U.S.C. §1915 (e).

Plaintiff respectfully objects to the Magistrate's Recommendation and conclusions, 28 U.S.C. §1915 (e) is appropriate only to the extent the court may request

an attorney to represent any person unable to afford counsel. In as much as, the Magistrate Judge orders plaintiff to specifically identify the findings in the Magistrate's Recommendation to which objection is made, plaintiff objects to the Recommendation on this issue, due to a lack of adequate findings or information as to what part of 28 U.S.C. §1915 (e) the recommendation identify. Plaintiff cannot formulate an objection without being able to determine whether the recommendation cites frivolousness, maliciousness, or fails to state a claim on which relief may be granted. In any either case, plaintiff maintains the complaint seeks relief under 28 U.S.C. §2201, not 42 U.S.C. §1983 and that the each defendant is cognizable in actions brought in accordance with 28 U.S.C. §2201.

6.  Part III (C) *Abstention,* the Abstention Doctrine under *Younger v. Harris,* 401 U.S. 37, 43-44 (1971). The Recommendation asserts, resolution of the criminal charge about which Baker (Plaintiff) complains is "technically" pending before an Alabama state court. In **Younger**, the court held, "A federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." The Magistrate Judge concludes, in this case, "Baker (plaintiff) has an adequate remedy at law because he may pursue any of his federal constitutional issues through the state court system." The magistrate reasoned, the mere fact plaintiff must endure state criminal proceedings fails to demonstrate irreparable harm, and in light of that fact, dismissal of plaintiff's constitutional and state law claims is appropriate under 28 U.S.C. §1915(e) (2) (B) (ii) as these claims are not cognizable in a 42 U.S.C. §1983.

Plaintiff objects to the Recommendation because, "technically" the Court of Criminal Appeals issued the certificate judgment January 4, 2006, prior to commencement of this Declaratory Judgment suit on January 18, 2006. The issuance of the Certificate of Judgment and the denial and/or renaming of plaintiff motions and petitions ended all litigation, criminal or civil in the Alabama Courts as it regards the present Complaint. Moreover, there are no Alabama provisions, constitutional, or statutory which would override the Certificate of Judgment once issued by the Alabama Court. Additionally, the alleged pendency of a petition in the Alabama Supreme Court has nothing whatsoever to do with any on-going state criminal proceedings against the plaintiff. Even if such a petition actually exists, it will not determine the actual controversy between the parties complained of. Plaintiff does not have any adequate remedy in equity or at law in the Alabama State Courts. He cannot vindicate his Constitutional Rights because there is no on-going state Criminal Proceedings before the Alabama Supreme Court. Plaintiff cannot file a collateral attack against the Alabama Supreme Court's action in any other Alabama State Court. Furthermore, the Complaint incorporated the Certificate of Judgment as an exhibit, there is no evidence whatsoever that there is any pending criminal action in the state Courts against the plaintiff. The defendants are required to set forth the Abstention Doctrine, if in deed it has any applicability in this 28 U.S.C§2201 cause. Moreover, the Recommendation asserts this claim is appropriate for dismissal under 28 U.S.C. §1915 (e) (2) (B) (ii), for failure to state a claim on which relief may be granted, however, a complaint may be amended when it fails to state a claim and the facts and legal theory is plausible, as is here, and where there is no proof that a state action is pending. At the very least, the facts are

supported by affidavit and the legal theory is cognizable pursuant to Title 28 U.S.C. §2201. The Court is therefore urged, if it must dismiss <u>under the discretionary authority</u> given to it by Federal Law, do so, WITHOUT PREJUDICE, and issue a statement of the findings of fact. Plaintiff recognize, a federal court should not, in the absence of some special circumstances, intervene even by way of declaratory judgment in state criminal prosecutions, **<u>Malone v. Emmet, 278 F. Supp. 193 (M.D. Ala. 1967)</u>**, nonetheless, special circumstances exists herein and was before this very Court in **<u>Alabama v. Baker, 222 F. Supp. 1296 (M.D. Ala. 2002)</u>**. The complaint, the circumstance, and history associated with the **Baker** case shows plaintiff is now being deliberately undermined by the Alabama State Courts to conceal illegal activities occurring within the Pike County Courthouse at Troy, Alabama, September 6, 2002. The recommendation contends, that "Technically resolution of criminal charges about which Baker complains are pending before an Alabama State Court is incorrect and plaintiff demands proof thereof. A declaration as to the parties' rights is clearly issuable by this Honorable Court.

WHEREFORE, WITH PREMISE CONSIDERED, the plaintiff's objections are due to be sustained and an order issued by this Honorable Court for process and service in accordance with Title 28 U. S. C. §1915 (d) requiring the answer of each defendant within the time fixed by law. It is so prayed and respectfully submitted in good faith.

Done this the _4th_ day of February 2006.

_____
Jeffery Baker Jr.,
1357 County Road 3348
Brundidge, Alabama 36010
334-735-3548

## CERTIFICATE OF SERVICE

I hereby certify that I have this day, February 4th 2006, served the forgoing objection on the following by United States Mail with first class postage pre-paid and affixed and properly addressed as follows:

Office of the Clerk
United States District Court
P. O. Box 711
Montgomery, Alabama 36101-0711

_____
Jeffery Baker Jr.,