IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEFFERY BAKER JR., | * |
| Plaintiff, | * |
| vs. | * Case No. 2:06cv043-WHA |
| THE ALABAMA SUPREME AND COURT OF CRIMINAL APPEALS, Drayton Nabers, Jr., and H. W. McMillan, in their official Capacities, | * |
| Defendants, | * |

## MOTION FOR RELIEF FROM JUDGMENT, ALTERNATIVELY MOTION TO ALTER OR AMEND JUDGMENT

Comes now the Plaintiff in above entitled action, pro-se, unlearned in law therefore subject to error, respectfully, and in good faith and moves the court for relief from judgment, pursuant to the Federal Rules of Civil Procedure, Rule, 60 alternatively, motion to alter or amend the judgment, pursuant to Rule 59 (e). Plaintiff shows good cause as follows:

1. In Accordance with Rule 8 (a) of the Federal Rules of Civil Procedure, "A pleading which sets forth a claim for relief, whether an original claim. . . shall contain (1) the courts jurisdiction, (2) a plain statement showing the pleader is entitled to relief, (3) a demand for judgment. Relief in the alternative or of several different types may be demanded.

2. Rule 8 (e) 1 provides that:

"Every averment of a pleading shall be simple, concise, and direct. No technical forms or pleading or motions are required."

Rule 8 (e) 2 provides:

"A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them is made independently would be sufficient, the pleading is not made insufficient by the insufficiency or one or more of alternative statements." A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds. FRCP Rule 8"

3. Rule 57 of the Federal Rules of Civil Procedure provides that the procedure for obtaining a declaratory judgment pursuant to Title 28, U.S.C., §2201, shall be in accordance with the Federal Rules of Civil Procedure. Furthermore, Rule 57 provides that the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it would be appropriate.

4. On January 20, 2005, the Court's issued an order that denied plaintiff's motion for temporary restraining order, however, "construed plaintiff's motion "to be such motion."

5. On January 23, 2006, the Magistrate assigned the case issued recommendation in accordance with the court's directive on January 23, 2006. The magistrate's recommendation specifically states, " He invokes this court's original jurisdiction pursuant to 42 U.S.C. §1983 and its supplemental jurisdiction pursuant to "28 U.S.C. §1651 [sic]". Foot note #1 of the magistrate's recommendation states, " the plaintiff cites the *federal* provisions governing writs, when in fact the only writ in question in this lawsuit is a state writ, i.e. a petition before the Alabama Court. The magistrate's recommendation further states, the court understands that, because the plaintiff alleges violations of state law as well as federal law, it is his intention to involve 28 U.S.C. 1367, which governs supplemental jurisdiction in this court. The

recommendation construes plaintiff's intentions. "The complaint also seeks to involve Title 28 U.S.C §1651 in aid of the Court's jurisdiction (Doc #1 p.g. 2,3).

6. Notwithstanding, Plaintiff's complaint actually invoked **28 U.S.C. §1983**, not 42 U.S.C. §1983; plaintiff's complaint is construed. Admittedly, plaintiff used the wrong statute to invoke the jurisdiction of the District Court.

7. On April 10, 2006, the Court issued its order, overruling plaintiff's objection (Doc. #6) and adopting the recommendation of the magistrate judge (Doc. #8); dismissing plaintiff's complaint as frivolous within the meaning of 28 U.S.C. §1915(e), AND each of the plaintiff's claims against the two Alabama Courts and the Alabama judges were thereby, 28 U.S.C. §1915(e), DISMISSED WITH PREJUDICE.

8. By separate order issued January 10, 2006, the judgment of the court is made Final.

## ARGUMENT IN SUPPORT OF MOTION(S)

The Court's order adopting the Recommendation of the Magistrate Judge acknowledges the complaint refers to the Declaratory Judgment Act, 28 U.S.C.§2201. However, as the Court's order rightly states, "it, like every other federal statute, is subject to federal jurisprudence when constitutional violations by state actors are alleged." Plaintiff admittedly used the wrong federal statute; here, *28 U.S.C §1983*, when he intended to §28 U.S.C. 2201 as the basis for the court's jurisdiction. As the Court "finds that the complaint clearly and specifically invokes 42 U.S.C. §1983 as the basis for the relief plaintiff seeks, plaintiff recites that portion of the jurisdiction and venue:

> "Jurisdiction is invoked pursuant to, and in accordance with the provisions of Title 28 U.S.C. §§1331 and 1343, this being an action which seeks redress for the deprivation of rights, privileges and immunities, under color of state law, statue, regulation, custom

3

> or usage. Said rights privileges and/or immunities being secured unto plaintiff by First, Sixth, and Fourteenth Amendments to the United States Constitution and enforced under Title 28 U.S.C 1983 Supplemental jurisdiction is invoked, pursuant to, 28 U.S.C. §1651, 18 U.S.C §242 and Rule 65 of the Federal Rules of Civil Procedure. A right to sue is conferred by 42 U.S.C. §1983, which the U.S. Supreme Court has held to be an express authorization of federal court injunction as an exception to the anti-injunction provisions of 28 U.S.C. §2283."

The complaint cites Constitutional violations as well the federal statue stressed by the recommendation of the Magistrate and the Court's order. Additionally, the complaint shows, in the nature of the case, "this it is an action that seeks a declaratory judgment, pursuant to 28 U.S.C. §2201. Rule 8 (e) allows a party to state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds, FRCP Rule 8. Additionally, Rule 15 (a) of the Federal Rules of Civil allows a party to amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Because the complaint states a viable claim for declaratory judgment, pursuant to Rule 12 (b), the complain may be amended to conform to the facts and evidence. Although, the Court concludes, that because the complaint only refers to §§ 28 U.S.C §2201 and §28 U.S.C1651, it has no jurisdiction or authority, as a result, DISMISSED WITH PREJUDICE.

The complaint alleges fact supported by affidavit and other documents concerning the complaint, which are un-refuted. The complaint alleges that, there are no other remedies available to redress the violations and deprivations under state law. That Rule 32.2 (a) precludes review in state Court and Plaintiff's federal claims are precluded by principles of exhaustion, under 28 U.S.C. §2254. The plaintiff has advanced two (2) §28 U.S.C. 2254 petitions in the United States District Court, 2:06cv-61-ID, and 2:06cv-

201-MHT. In the plaintiff's companion case, 2:06-61-ID; here relevant, the state through their attorney, contends that the "petitioner has failed to present the claim for discretionary review to the Alabama Supreme Court. Thus, he has defaulted on this claim for purposes of federal habeas relief, there he cities, O'Sullivan v. Boerckel, 526 U.S. 838, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). Plaintiff's complaint specifically invokes Title 28 U.S.C. §1651 to aid the court in its jurisdiction, however, construed as 28 U.S.C §1367. In S.E.C. v. Elliott, 953 F2d 1560 (11th Cir. 1991) the court held: When interpreting pro se papers, court should use common sense to determine what relief party desires. In 1972, the United states Supreme court held in Haines v. Kerner, 404 U. S. 519, 30 L Ed. 2d 652, 92 S. Ct. (1972):

> "Pro se litigants pleadings are to be construed liberally and held to less stringent standard that formal pleadings drafted by lawyers; if court can reasonably read pleadings to state valid claim on which litigant could prevail, **it should do so despite failure to cite proper legal authority,** confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements."

Even though the court notes, "plaintiff refers to the Declaratory Judgment Act 28 U.S.C. § 2201," nonetheless, any reading consistent with the above cited cases, shows the pleading states a valid claim on which plaintiff could possibly prevail under the Declaratory Judgment Act, 28 U.S.C. § 2201.

The Complaint primarily seeks to prevent state actors from later contenting plaintiff has defaulted on his claim by not presenting the claim to the Alabama Supreme Court. Plaintiff maintains that the default allegation now being asserted by the state in the plaintiff's companion case, 2:06-61-ID is by virtue of the scheme clearly set forth in

2:06cv-043, for purposes of divesting the court of further review. It is so maintained by the plaintiff and firmly understood, otherwise . . . . In addition, the complaint along with accompanying documentation shows the named defendants had personal knowledge that a violation has probably occurred prior to the filing of the complaint and under the supervision of the named defendants. The complaint seeks to prevent and declare that the United States born plaintiff had been dispossessed of his Constitutional rights, privileges, and immunities, under color of state law, statue, regulation, custom and usage. The complaint firmly requests declaratory relief pursuant to 28 U.S.C. 2201 and 28 U.S.C. 1651 (a) of the United State Code. The court has jurisdiction and authority and may grant the plaintiff relief pursuant to plaintiff's declaratory theories and paragraph (H) of the plaintiff complaint, which permits the court, to, "Grant such further and different relief to which Plaintiff may be entitled under the laws and Constitution of the Unites States of America of which maybe unknown to the pro-se unlearned Plaintiff, but favorable to granting of relief sought. Plaintiff's complaint is construed, however, the court may grant such further and different relief, respectfully requested.

WHEREFORE, plaintiff respectfully request the court to grant following relief:

    A. For relief from the final judgment to allow the plaintiff a fair opportunity to amend his complaint to more specifically invoke 28 U.S.C. §2201 and 28 U.S.C. §1651 as the proper jurisdictions of the court.

    B. To Alter or Amend the Judgment and vacate and set aside the judgment and allow the plaintiff the opportunity to amend his complaint to specifically state the proper jurisdictions of the court.

C. Grant plaintiff leave to amend the complaint to specifically state/invoke 28 U.S.C. §2201/Rule 57; (Declaratory Judgment Act) and 28 U.S.C. §1651 (a).

D. Alternatively, To Alter or Amend the Judgment to dismiss WITHOUT PREJUDICE based on plaintiff's declaratory theories.

It is so prayed and respectfully submitted in good faith.

Done this 20th day of April 2006.

*Jeffery Baker Jr., Plaintiff*
1357 County Road 3348
Brundidge, Al 36010

## CERTIFICATE OF FILING

I hereby certify that I have this day, the 20th of April 2006, filed the forgoing Motion for Relief and Alternative Motions in the United States District Court for the Middle District of Alabama by hand delivering the same to the office of the Clerk, United States District Court at One Church Street, Montgomery, Alabama.

*Jeffery Baker Jr., Plaintiff*
334-735-3548